**Kresge v. Kresge**

■■■■■■■■■■■■■■■

*Marc R. Wolfe,* for plaintiff.
*Jeffrey G. Velander,* for defendant.

THOMSON, *J.*, March 28, 1980—

## I. STATEMENT OF THE ISSUES

The sole issue before us is the enforceability of a 1977 agreement between plaintiff and defendant, wife and husband, entitled "Post-Nuptial Settlement and Reconciliation Agreement," which is largely a question as to whether said agreement contravenes the public policy of the Commonwealth. Plaintiff has sued in equity for specific performance under same.

## II. FINDINGS OF FACT

1. Plaintiff and defendant were married in 1942 and separated in 1973.

2. In 1977, they executed the aforesaid "Post-Nuptial Settlement and Reconciliation Agreement." Both parties were represented by counsel at the time.

3. The parties thereafter reconciled and, pursuant to the said agreement, sold the home owned by them as tenants by the entireties and constructed another home in which they cohabited. The home was, and is, encumbered by a small mortgage.

4. In 1979, the parties again separated, whereafter plaintiff filed the within action asking for enforcement of certain provisions of the said agreement, including a provision to convey the new

home to her free from encumbrance, upon the subsequent separation of the parties.

## III. DISCUSSION

Defendant has argued that the resumption of cohabitation by the parties has abrogated the disputed provisions of the parties' agreement. Such a contention defies all reason and logic. The agreement, at its outset, expressly contemplates the resumption of marital union. Hence, to afford defendant such construction would be to bring about a result that would clearly be absurd.

Defendant contends that there can be no such thing as a "reconciliation agreement" as no reported Pennsylvania cases discuss such agreements. While perhaps such a matter has not been presented to any of our tribunals before, it goes without saying that a matter must be presented once before it is so presented twice. We see no reason why parties cannot make an agreement providing the terms under which they will reconcile and cohabit as well as they may (as defendant admits) make an ante-nuptial agreement which dictates such terms of cohabitation and property rights of the parties *prior* to the initial marital cohabitation.

Defendant then argues that the agreement in question is a separation agreement, which is presumably abrogated upon the resumption of cohabitation by the parties thereto. However, as Com. ex rel. Makowski v. Makowski, 163 Pa. Superior Ct. 441, 62 A. 2d 71 (1948), cited by defendant, informs us, a separation agreement generally provides for a separation and for the wife's support during the separation period. Here, no such provision exists. In fact, the agreement expressly contemplates re-

sumed *cohabitation* rather then the separation of the parties.

Makowski, supra, held that the agreement in question could not be a post-nuptial one, as it did not clearly indicate a desire of the parties to settle and determine their respective property rights finally and for all time. The Makowski case, which dealt with a one-paragraph, informal agreement by the wife to waive support in exchange for a deed to a home jointly owned by the parties, is so radically different from the instant case, where a detailed agreement, complete with integration clause, was prepared by counsel for the parties, and executed by the parties, presumably after consultation with their counsel, that there can be no analogy between the two. We find the agreement in question to be one pertaining to reconciliation, which was then to act as a post-nuptial agreement, in the event of the failure of the parties to finally reconcile and remain together. Obviously, such rights as dower, election to take against a will, and other rights which defendant suggests should have been waived would not be so waived under such circumstances.

Defendant has also cited the case of Mathie v. Mathie, 12 Utah 2d 116, 363 P. 2d 779 (1961), for the argument that an agreement of this nature is contrary to public policy in serving to encourage family strife and discord for an individual's own financial gain. While we are always willing to scrutinize the decision of the courts of our sister states for possible guidance in the absence of controlling authority from our own appellate tribunals, we note at the outset that the traditions of the State of Utah with respect to domestic relations are radically different from our own, hence causing us to have some doubts as to the persuasiveness of a

decision from that state in this field of law. However, even allowing for such a discrepancy in philosophy, Mathie appears to us to be a very unusual decision, based on the appellate court's upholding the lower court's attempt to do equity based solely on the particular factual situation presented therein. We also note with interest that in the Mathie decision, at page 781 thereof, the Utah court specifically refers to a "reconciliation agreement," which defendant contends is a creature unknown to the law.

Defendant contends that this agreement was the product of "an intense desire" to reconcile with wife-plaintiff during a time of "extreme emotional stress" for him. We know of no domestic situation that does not involve significant emotional turmoil and distress on the part of the parties involved. Were we to overturn all agreements where such a situation was present, scarcely any such agreement could ever be left enforceable.

We feel that there is no evidence of any of the traditional bases for avoiding such agreements: fraud, duress, concealment of assets, etc. Hence, we will not so act with respect to the instant controversy.

## IV. CONCLUSIONS OF LAW

1. The parties validly, freely and willingly entered into the "Post-Nuptial Settlement and Reconciliation Agreement" entered into evidence herein, intending to finally settle and determine their property rights.

2. The agreement remains valid and enforceable now, and defendant is bound to comply with the terms of same.

## DECREE NISI

And now, March 28, 1980, defendant, Kenneth R. Kresge, is hereby ordered and directed to convey by good and sufficient deed to plaintiff Doleriese L. Kresge all real estate or proceeds of real estate held by the said plaintiff and defendant as tenants by the entireties, free and clear of all liens, encumbrances, and adverse claims, and to otherwise comply with all terms of the said agreement not already accomplished.